UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MONTA ORLANDO JORDAN, <br><br> Plaintiff, <br><br> v. <br><br> U.S. DRUG ENFORCEMENT ADMINISTRATION, <br><br> Defendant. | Civil Action No. 22-2195 (JEB) |

### MEMORANDUM OPINION

Federal prisoner Monta Orlando Jordan submitted a Freedom of Information Act request to Defendant Drug Enforcement Administration seeking information about a DEA investigation of him. Specifically, he sought two names — the agent who opened the investigation and the one who authorized a subpoena of his phone number — and the date the investigation was opened. Defendant declined to produce any responsive documents, which prompted Jordan to file this *pro se* suit. The parties have now cross-moved for summary judgment. The agency contends that Plaintiff's request was improper under FOIA for multiple reasons, including because it requested specific information instead of agency records as the statute requires. Agreeing with that proposition, the Court will grant Defendant's Motion and deny Plaintiff's Cross-Motion.

**I.    Background**

Following a DEA investigation that culminated in an indictment, a jury found Jordan guilty of multiple drug offenses. See ECF No. 12-1 (Def. MSJ) at 2. In May 2021, he was sentenced to twenty years in prison. Id. A few months later, in October, he sent DEA a letter

1

seeking the following information: "1) Name of the DEA agent and date the DEA investigation was opened regarding Monta Orlando Jordan.  2) Name of the DEA agent who submitted and signed to authorize the December 28, 2016 DEA administrative subpoena regarding phone number (540) 632-8266." ECF No. 12-4 (First FOIA Letter) at 1.  Jordan sent a follow-up letter in February 2022 requesting the same, though with slightly different phrasing: "1) The name of the DEA officer/personnel who sought the December 28, 2016 DEA administrative subpoena regarding phone number (540) 632-8266 of Monta Jordan directed to Cellco and/or Verizon or any of its affiliate companies.  2) The name of the DEA agent and date the DEA investigation was opened regarding Monta O. Jordan." ECF No. 12-5 (Second FOIA Letter).

Plaintiff appends a third, undated FOIA-request letter to his Complaint, which is worded slightly differently and asks specifically for "the December 28, 2016 administrative subpoena and any related affidavits/documents." ECF No. 1-1 (Compl. Exhs.) at 3.  The record contains no evidence, however, that DEA ever received that letter, nor does Jordan invoke that iteration of the request in his Opposition.  See ECF No. 12-3 (Decl. of Angela Hertel), ¶¶ 6–14 (acknowledging receipt of only the October 2021 and February 2022 letters); ECF No. 14 (Cross-MSJ and Pl. Opp.) at 1 (citing Hertel Decl. in describing nature of FOIA request).  The Court will therefore consider only the October and February letters in resolving the Cross-Motions.

DEA treated those two letters as a single request and responded in March 2022.  See ECF No. 12-2 (Def. SOMF), ¶¶ 6–7.  It declined to "confirm or deny the existence of such records pursuant to [FOIA] Exemptions 6 & 7(C). . . . Even to acknowledge the existence of records and reveal the identity of a Special Agent could reasonably be expected to constitute an unwarranted invasion of personal privacy." Id., ¶ 8.  Plaintiff appealed to the Department of Justice Office of

2

Information Policy, which affirmed the Agency's response and then added that it was "reasonably foreseeable that releasing any non-public records [that existed] would harm the interests protected by these exemptions." Id., ¶¶ 9–10.

Jordan filed this lawsuit in July 2022, and the parties have now cross-moved for summary judgment. See Def. MSJ; Cross-MSJ and Pl. Opp.

## II.     Legal Standard

Summary judgment must be granted if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48 (1986); Holcomb v. Powell, 433 F.3d 889, 895 (D.C. Cir. 2006). A fact is "material" if it is capable of affecting the substantive outcome of the litigation. Holcomb, 433 F.3d at 895; Liberty Lobby, Inc., 477 U.S. at 248. A dispute is "genuine" if the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." Liberty Lobby, Inc., 477 U.S. at 248. "A party asserting that a fact cannot be or is genuinely disputed must support the assertion" by "citing to particular parts of materials in the record" or "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

FOIA cases typically and appropriately are decided on motions for summary judgment. See Brayton v. Off. of the U.S. Trade Representative, 641 F.3d 521, 527 (D.C. Cir. 2011). In a FOIA case, a court may grant summary judgment based solely on information provided in an agency's affidavits or declarations when they "describe the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by

evidence of agency bad faith." Larson v. Dep't of State, 565 F.3d 857, 862 (D.C. Cir. 2009) (citation omitted). Such affidavits or declarations "are accorded a presumption of good faith, which cannot be rebutted by 'purely speculative claims about the existence and discoverability of other documents.'" SafeCard Servs., Inc. v. SEC, 926 F.2d 1197, 1200 (D.C. Cir. 1991) (quoting Ground Saucer Watch, Inc. v. CIA, 692 F.2d 770, 771 (D.C. Cir. 1981)). "FOIA expressly places the burden 'on the agency to sustain its action' and directs the district courts to 'determine the matter de novo.'" Dep't of Justice v. Reporters Comm. for Freedom of Press, 489 U.S. 749, 755 (1989) (quoting 5 U.S.C. § 552(a)(4)(B)).

### III. Analysis

Congress enacted FOIA "to pierce the veil of administrative secrecy and to open agency action to the light of public scrutiny." Dep't of Air Force v. Rose, 425 U.S. 352, 361 (1976) (citation omitted). The statute promotes these aims by providing that "each agency, upon any [compliant] request for records[,] . . . shall make the records promptly available to any person." 5 U.S.C. § 552(a)(3)(A). The Government need not, however, turn over records that fall into one of nine statutorily created exemptions from FOIA's broad directive. Id. § 552(b)(1)–(9).

In seeking summary judgment here, Defendant makes two arguments. First, it contends that Plaintiff's request is not proper because he requested discrete facts, not records, as is required by FOIA. See id. § 552(a)(3)(A). Second, DEA submits that under Exemptions 6 and 7(C), it may categorically deny production of the information Jordan seeks as unduly invasive of others' personal privacy. Because the Court will grant judgment to Defendant on the first ground, it need not consider the second.

A. <u>Request for Records</u>

"FOIA limits access to 'agency records,' but the statute does not define the term." <u>ACLU v. CIA</u>, 823 F.3d 655, 662 (D.C. Cir. 2016). The Supreme Court, in seeking to describe "records" as used in FOIA, has referred to a separate Act that defines this term as including "books, papers, maps, photographs, machine readable materials, or other documentary materials." <u>Forsham v. Harris</u>, 445 U.S. 169, 183 (1980). Courts have thus used the term "records" synonymously with "documents"; in other words, the Government need not provide <u>information</u> that is separate from documents themselves. <u>See, e.g.</u>, <u>Jud. Watch, Inc. v. U.S. Secret Serv.</u>, 726 F.3d 208, 216 (D.C. Cir. 2013); <u>Forsham</u>, 445 U.S. at 177. For example, courts in this district have held that FOIA does not "require[] an agency to answer questions disguised as a FOIA request." <u>Hudgins v. IRS</u>, 620 F. Supp. 19, 21 (D.D.C. 1985), <u>aff'd</u>, 808 F.2d 137 (D.C. Cir. 1987). Nor does it obligate an agency to "<u>create</u> a document that does not exist in order to satisfy a request." <u>Yeager v. DEA</u>, 678 F.2d 315, 321 (D.C. Cir. 1982) (emphasis added).

With those guideposts set, it is clear that Jordan's FOIA request is not a valid request for agency records. As he admits in his own brief, "Plaintiff requests three <u>facts</u> from the DEA." Pl. Opp. at 1 (emphasis added). In other words, he is effectively using his FOIA request to obtain answers to discrete questions: what is the name of the DEA agent who opened the investigation? What is the date the investigation was opened? And what is the name of the DEA agent who signed the administrative subpoena of his phone number? <u>See</u> First FOIA Letter; Second FOIA Letter. Whatever "agency records" may mean, this Court can comfortably conclude that Jordan's FOIA request, as submitted, does not request them.

B.  Plaintiff's Attempted Clarification of Request

Apparently acknowledging this, Plaintiff tries to use his Opposition to retroactively clarify and modify the scope of what he sought. He explains that his FOIA request "obviously would include the actual physical documentary December 28, 2016 administrative subpoena . . . and any documentary records in defendant's possession relevant to the name of the DEA agent and date investigation was opened against" him. See Pl. Opp. at 1–2. Yet this explanation is less a clarification than a substantial expansion of his original request. As DEA explains, Jordan's request for any records that are relevant to the date his investigation was opened and to the agent responsible could conceivably extend to the agency's "entire investigative file into [Plaintiff's] criminal activity." ECF No. 16 (Reply) at 4. That would require the agency to cast a far wider net than necessary to address Plaintiff's original two questions about the investigation, which sought nothing but a name and a date.

To be sure, plaintiffs have some leeway to clarify the scope of their FOIA requests in the course of litigation, and that allowance seems particularly justified for a *pro se* plaintiff. People for Am. Way Found. v. U.S. Dep't of Just., 451 F. Supp. 2d 6, 12 (D.D.C. 2006) ("FOIA requests are frequently clarified or modified even after a lawsuit is filed."). But courts in this district tend to apply that rule in cases where the plaintiff seeks to narrow her request, not expand it. See, e.g., id.; Leopold v. U.S. Immigr. & Customs Enf't, 560 F. Supp. 3d 189, 197 (D.D.C. 2021). The rationale is that in such contexts, "[i]t would be senseless and inefficient . . . to ignore the advances made during [litigation] . . . only to have plaintiff file another FOIA request for the narrowed number of files and return to precisely the same position in which the parties now stand." People for Am. Way Found, 451 F. Supp. 2d at 11–12.

6

This same rationale does not apply where, as here, a requester seeks to exponentially expand the scope of his request during litigation. In such cases, the new search demanded of the agency would almost certainly raise issues not yet briefed. Indeed, a court in this district has stated that the suggestion that a FOIA requester can "broaden his request . . . after filing litigation sits without any firm basis in the statutory text or associated case law." Dillon v. U.S. Dep't of Just., 444 F. Supp. 3d 67, 86 (D.D.C. 2020); see also Gillin v. Internal Revenue Serv., 980 F.2d 819, 823 n.3 (1st Cir. 1992) (noting that plaintiff's clarification of FOIA request "came too late to be relevant, since it amounted to an impermissible attempt to expand a FOIA request after the agency has responded and litigation has commenced").

The Court will thus grant Defendant's Motion because Jordan's request improperly seeks answers to certain questions, not agency records, as FOIA requires. To the extent he would like access to records responsive to those questions, he may file a new FOIA request specifying which records he seeks.

\*    \*    \*

In the event that Jordan makes a compliant request and eventually returns here, the Court notes that had it reached the merits, it would have been unconvinced by Defendant's invocation of a categorical approach. While the Supreme Court has held that some records may be categorically withheld under Exemption 7(C) — that is, without engaging in the typical balancing exercise that accompanies most FOIA inquiries — that holding specifically addressed a subset of requests for records about private citizens. Reps. Comm. for Freedom of Press, 489 U.S. at 780 (holding that third party's "request for law enforcement records . . . about a private citizen can reasonably be expected to invade that citizen's privacy, and that when the request seeks no 'official information' about a Government agency[,] . . . the invasion of privacy is

'unwarranted'") (emphasis added).  It does not apply to a case where the withheld documents would reveal information about law-enforcement agents.

This does not mean, however, that the merits would be a slam dunk for Plaintiff.  The D.C. Circuit has held that investigating agents, in addition to private citizens, also have a substantial privacy interest in their participation in a given investigation, even if that interest may not merit a categorical approach.  Senate of the Commonwealth of P.R. on Behalf of Judiciary Comm. v. U.S. Dep't of Just., 823 F.2d 574, 588 (D.C. Cir. 1987).  Plaintiff would thus do well to keep that in mind if he files a renewed request.

## IV.   Conclusion

For the foregoing reasons, the Court will grant Defendant's Motion for Summary Judgment and deny Plaintiff's Cross-Motion for the same.  A separate Order so stating shall issue this day.

/s/ *James E. Boasberg*  
JAMES E. BOASBERG  
Chief Judge

Date:  April 6, 2023