UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MONTA ORLANDO JORDAN,<br><br>    Plaintiff,<br><br>        v.<br><br>U.S. DRUG ENFORCEMENT ADMINISTRATION,<br><br>    Defendant. | Civil Action No. 22-2195 (JEB) |

### MEMORANDUM OPINION

This Freedom of Information Act case turns on whether Defendant Drug Enforcement Administration has appropriately redacted certain information responsive to Plaintiff Monta Orlando Jordan's request. Believing that the DEA's redactions pass muster, the Court will grant its renewed and uncontested Motion for Summary Judgment.

**I.      Background**

Plaintiff is a federal prisoner who filed this *pro se* FOIA action on July 15, 2022. See ECF No. 1 (Compl.). His underlying request sought two items: (1) "[T]he name of the DEA Officer who sought the December 28, 2016 DEA administrative subpoena" requesting Plaintiff's phone records; and (2) The "name of the DEA agent and date the DEA investigation was opened regarding" Jordan. Id. at 1. Defendant subsequently filed a motion for summary judgment, see ECF No. 12 (Initial Def. MSJ), asserting that Jordan's request was improper for several reasons, including that it asked for information — *i.e.*, names and a date — and not agency records or other documents. Id. at 6–8. Agreeing with this position, the Court granted Defendant's motion

1

and entered judgment in favor of the DEA.  See Jordan v. U.S. Drug Enf't Admin., 2023 WL 2809132, at *3 (D.D.C. Apr. 6, 2023).

On April 14, 2023, Plaintiff filed a motion for reconsideration.  See ECF No. 20 (Pl. Mot. to Reconsider).  He again confirmed that his FOIA request sought the name of the DEA agent who had signed the December 28, 2016, administrative subpoena for his cell-phone records, the name of the DEA agent who had opened the investigation, and the date such investigation was opened.  Id. at 2.  But this time, he cited Evans v. Fed. Bureau of Prisons, 951 F.3d 578 (D.C. Cir. 2020), in which the D.C. Circuit noted that "an agency may not refuse to comply with a FOIA request simply because the request is in the form of a question."  Id. at 584.  The Court thus ordered Defendant to respond, addressing the applicability of Evans.  See Minute Order of Apr. 20, 2023.

Taking a different route, the DEA instead decided to release certain documents in response to Plaintiff's FOIA request, but withheld the names and identifying information of DEA agents pursuant to FOIA Exemptions 6, 7(C), 7(E), and 7(F).  See ECF No. 22 (Def. Motion to Stay), ¶ 10.  Defendant also provided Jordan with three partially redacted pages of a "Personal History Report" about him.  See ECF No. 28 (Def. Stmt. of Material Facts), ¶ 16.  This production at least responded to Plaintiff's request for the date on which the DEA began investigating him.  The Court granted Defendant's motion for a stay and ordered Jordan to file a Notice indicating whether he still wished to proceed with the litigation in light of the disclosed documents.  See Minute Order of June 2, 2023.

Plaintiff declined to terminate the case and instead filed an objection to Defendant's production.  See ECF No. 23 (Pl. Response).  Rather than relying on his initial FOIA request to define the scope of the documents he sought, Jordan attempted to expand his request, contending

2

that Defendant's "[r]esponse did not disclose the December 28, 2016 DEA Administrative subpoena" and that "it appears Defendant did not even search for records responsive to the request." Id.  The Court then ordered the Government to either respond to Plaintiff's motion for reconsideration or propose an alternative path for the litigation.  See Minute Order of June 30, 2023.

In an attempt to bring this matter to a close, the DEA agreed to conduct a search for the December 28, 2016, administrative subpoena of Jordan's cell-phone number and to produce it subject to any FOIA exemptions.  See ECF No. 24 (Def. Notice) at 3.  The Court then ordered Defendant to provide its supplemental FOIA response to Plaintiff by August 14, 2023, following which Plaintiff had until September 5 to file a Notice indicating whether he wished to proceed with the case.  See ECF No. 25 (Order).

After Defendant provided Plaintiff with a copy of the administrative subpoena with redactions pursuant to FOIA Exemptions 6, 7(C), 7(E), and 7(F) and Privacy Act Exemption (j)(2), Jordan again stated that he wished to further litigate the adequacy of the search and the withholding in part of the December 28, 2016, DEA administrative subpoena.  See ECF No. 26 (Pl. Response) at 2.  Defendant has now renewed its Motion for Summary Judgment, to which Plaintiff files no opposition.

## II.     Legal Standard

Summary judgment must be granted if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48 (1986); Holcomb v. Powell, 433 F.3d 889, 895 (D.C. Cir. 2006).  A fact is "material" if it is capable of affecting the substantive outcome of the litigation.  Holcomb, 433 F.3d at 895; Liberty Lobby,

3

Inc., 477 U.S. at 248.  A dispute is "genuine" if the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." Liberty Lobby, Inc., 477 U.S. at 248.  "A party asserting that a fact cannot be or is genuinely disputed must support the assertion" by "citing to particular parts of materials in the record" or "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact."  Fed. R. Civ. P. 56(c)(1).  When the non-movant fails to file an opposition, the court may not treat the motion as conceded.  See Winston & Strawn LLP v. McLean, 843 F.3d 503, 506 (D.C. Cir. 2016).  Rather, "a district court must always determine for itself whether the record and any undisputed material facts justify granting summary judgment." Id. (quoting Grimes v. Dist. of Columbia, 794 F.3d 83, 97 (D.C. Cir. 2015)).  In doing so, however, it may accept the moving party's uncontested assertions of fact as true.  See Fed. R. Civ. P. 56(e)(2).

  FOIA cases typically and appropriately are decided on motions for summary judgment. See Brayton v. Off. of the U.S. Trade Representative, 641 F.3d 521, 527 (D.C. Cir. 2011).  In a FOIA case, a court may grant summary judgment based solely on information provided in an agency's affidavits or declarations when they "describe the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith." Larson v. Dep't of State, 565 F.3d 857, 862 (D.C. Cir. 2009) (citation omitted).  Such affidavits or declarations "are accorded a presumption of good faith, which cannot be rebutted by 'purely speculative claims about the existence and discoverability of other documents.'" SafeCard Servs., Inc. v. SEC, 926 F.2d 1197, 1200 (D.C. Cir. 1991) (quoting Ground Saucer Watch, Inc. v. CIA, 692 F.2d 770, 771 (D.C. Cir. 1981)).  "FOIA expressly

places the burden 'on the agency to sustain its action' and directs the district courts to 'determine the matter de novo.'" U.S. Dep't of Justice v. Reporters Comm. for Freedom of Press, 489 U.S. 749, 755 (1989) (quoting 5 U.S.C. § 552(a)(4)(B)).

### III. Analysis

Congress enacted FOIA "to pierce the veil of administrative secrecy and to open agency action to the light of public scrutiny." Dep't of Air Force v. Rose, 425 U.S. 352, 361 (1976) (citation omitted). The statute promotes these aims by providing that "each agency, upon any [compliant] request for records[,] . . . shall make the records promptly available to any person." 5 U.S.C. § 552(a)(3)(A). The Government need not, however, turn over records that fall into one of nine statutorily created exemptions from FOIA's broad directive. Id. § 552(b)(1)–(9).

In seeking summary judgment here, Defendant makes two arguments. First, it contends that it conducted an adequate search. As the DEA found the only document Jordan sought — *i.e.*, the administrative subpoena — the Court need not tarry over this issue. Defendant also asserts that it properly relied on a number of exemptions in support of its decision to withhold particular information from Jordan. This second issue requires slightly lengthier consideration. Because the Court agrees that Exemption 7(C) applies, however, it need not consider the other proffered exemptions.

Exemption 7(C) covers "records or information compiled for law enforcement purposes . . . [that] could reasonably be expected to constitute an unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(7)(C); see also Bartko v. U.S. Dep't. of Justice, 898 F.3d 51, 64 (D.C. Cir. 2018). Because the DEA has withheld records, it bears the burden of showing that this exemption applies. See Vaughn v. Rosen, 523 F.2d 1136, 1144 (D.C. Cir. 1975). There is little doubt that the withheld information here — which comprises the names of the DEA

personnel involved in the law-enforcement investigation of Jordan — was compiled for law-enforcement purposes. The only question, then, is whether disclosure of such information could reasonably be expected to constitute an unwarranted invasion of personal privacy.

To make that determination, the Court must balance the privacy interest of individuals mentioned in the records against the public interest in disclosure. See, e.g., Reps. Comm., 489 U.S. at 776–80; Lewis-Bey v. U.S. Dep't of Just., 595 F. Supp. 2d 120, 134 (D.D.C. 2009); see Senate of the Commonwealth of P.R. on Behalf of Judiciary Comm. v. U.S. Dep't of Just., 823 F.2d 574, 587 (D.C. Cir. 1987) ("Exemption (7)(C)'s balance is not [] 'tilted emphatically in favor of disclosure.'").

Begin with the privacy interests involved. Law-enforcement officials — like those whose information Plaintiff seeks — have an interest in preserving their privacy. See Bartko 898 F.3d at 71 ("[Exemption 7(C)'s] privacy protection also extends to law-enforcement personnel[,] who 'do[] not forgo altogether any privacy claim in matters related to official business.'") (quoting Lesar v. U.S. Dep't of Just., 636 F.2d 472, 487 (D.C. Cir. 1980)) (alteration in original); Bast v. U.S. Dep't of Just., 665 F.2d 1251, 1254 (D.C. Cir. 1981) ("[T]he 7(C) exemption recognizes the stigma potentially associated with law enforcement investigations and affords broader privacy rights to suspects, witnesses, and investigators.") (emphasis added); Senate of the Commonwealth of P.R. on Behalf of Judiciary Comm. 823 F.2d at 588. Here, the DEA determined that the release of the requested information would subject the individuals involved in Jordan's investigation to an unwarranted invasion of personal privacy and to harassment and danger. See ECF No. 28-2 (Decl. of Gevorg Margaryan), ¶¶ 42–47. That potential harm weighs heavily. See Lesar 636 F.2d at 487–88 (names of investigating FBI officials were properly withheld when public identification could subject them to annoyance or harassment).

As to public interest, courts have established that "the only public interest relevant for purposes of Exemption 7(C) is one that focuses on 'the citizens' right to be informed about what their government is up to.'"  Davis v. U.S. Dep't of Just., 968 F.2d, 1276, 1282 (D.C. Cir. 1992) (quoting Reps. Comm., 489 U.S. at 773).  Details that "reveal little or nothing about an agency's own conduct" are not part of the public interest for purposes of Exemption 7(C).  Blanton v. U.S. Dep't of Just., 63 F. Supp. 2d 35, 45 (D.D.C. 1999) (quoting Davis, 968 F.2d at 1282).  Unless disclosure is necessary to confirm or refute compelling evidence that the agency is engaged in illegal activity, the names of law-enforcement officials will therefore generally be properly withheld under Exemption 7(C).  See Schoenman v. FBI, 576 F. Supp. 2d 3, 12 (D.D.C. 2008). To show that disclosure will confirm or refute such evidence, the proponent for disclosure must ordinarily point to "*specific* information" of misconduct to support its public-interest claim as opposed to a mere general interest in the information.  Senate of the Commonwealth of P.R. on Behalf of Judiciary Comm. 823 F.2d at 588 (emphasis added).

In this case, Jordan does not provide any evidence, let alone specific evidence, to support a public-interest claim — *e.g.*, that the disclosure of the individuals' names is necessary to confirm or refute compelling evidence that the agency is engaged in illegal activity.  The Court consequently finds, as the DEA has persuasively shown, that the release of the information at issue would not serve the core purpose of FOIA because it would not shed light on the operations and activities of the Government.  Therefore, with nothing to tip the scale in favor of the public interest to a degree that could possibly overcome the privacy of those named, the withheld private information is properly exempt from disclosure.

The Court considers one more issue: segregability.  FOIA requires that any "reasonably segregable portion of a record shall be provided to any person requesting such record after

deletion of the portions which are exempt." 5 U.S.C. § 552(b).  Generally, the agency must provide "a 'detailed justification' and not just 'conclusory statements' to demonstrate that all reasonably segregable information has been released." Valfells v. CIA, 717 F. Supp. 2d 110, 120 (D.D.C. 2010); see also Armstrong v. Exec. Office of the President, 97 F.3d 575, 578 (D.C. Cir. 1996) (determining Government affidavits explained non-segregability of documents with "reasonable specificity").  Here, Defendant has satisfied its obligation to segregate and release non-exempt information.  The DEA has established that it has reviewed all five pages of the administrative subpoena on a line-by-line basis to identify information exempt from disclosure and determined that there is no additional meaningful, non-exempt information that can be reasonably segregated and released from the information being withheld.  See ECF No. 28 (Def. MSJ) at 17; Margaryan Decl., ¶¶ 58–60.  The redacted information, therefore, was properly withheld under Exemption 7(C).

**IV.     Conclusion**

For the foregoing reasons, the Court will grant Defendant's Renewed Motion for Summary Judgment.  A separate Order so stating will issue this day.

/s/ *James E. Boasberg*
JAMES E. BOASBERG
Chief Judge

Date: March 8, 2024